IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Tina M. Bragg<br><br>　　　Plaintiff<br>v.<br><br>Erik McKinney<br><br>　　　Defendant | CIVIL NO.<br><br><br>Plaintiff demands Trial by Jury |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** Tina M. Bragg, represented by the undersigned attorneys and before this Honorable Court respectfully alleges and prays as follows:

**I. THE PARTIES**

1. Plaintiff Tina M. Bragg (hereinafter "Ms. Bragg") is of legal age, single and domiciled in Calgary, Alberta, Canada.

2. By information and belief, Erik McKinney, (hereinafter "Mr. McKinney") is of legal age, single, and domiciled in Puerto Rico.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C., Section 1332(a)(1) because this is an action for damages between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

4. Pursuant to 28 U.S.C., Section 1391(a)(2), venue of this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in San Juan, Puerto Rico on August 30, 2023.

## III. FACTS

5. Plaintiff, Ms. Bragg, was in a sentimental relationship with the defendant, Mr. McKinney, for a short time and up to the day that the assault below described occurred.

6. On Wednesday, August 30, 2023, Mr. McKinney, at the time a Luma Energy LLC employee or Luma Energy contractor, arrived at the place of abode of Ms. Bragg, in order to go on a dinner date, driving a Toyota vehicle.

7. When Ms. Bragg entered the vehicle driven by Mr. McKinney, she realized that Mr. McKinney was still in work clothes, smelled of alcohol and appeared inebriated.

8. Ms. Bragg proceeded to inform Mr. McKinney that due his inappropriate condition, to include appearance and state of inebriation, she was refusing to go with him to dinner as previously planned.

9. This frustrated and angered Mr. McKinney. While the conversation was ongoing between Ms. Bragg and Mr. McKinney, Mr. McKinney received various telephone calls from the same caller which he did not answer. Ms. Bragg questioned Mr. McKinney about the calls and Mr. McKinney became defensive and evasive.

10. The unknown caller to Ms. Bragg (apparently Lebron as the surname) continued to persistently call and Mr. McKinney continued to ignore the calls.

11. Ms. Bragg requested from Mr. McKinney to see his telephone. This infuriated Mr. McKinney. Immediately and without hesitation, Mr. McKinney, assaulted Ms. Bragg by shoving her head with force against the front seat passenger window of the truck.

12. Ms. Bragg, in shock and in pain started to cry. She asked Mr. McKinney the reason for the assault. In response to the question posed by Ms. Bragg, Mr. McKinney this time punched Ms. Bragg with his right hand on the left side of her face a couple of times, first above the ear, and immediately after, to her lower jaw. He then proceeded to hit her again, by slapping her right side of the face with his hand.

13. Mr. McKinney then proceeded to drive away with Ms. Bragg still inside the vehicle. Ms. Bragg was crying, in fear, in pain and in shock. She called a friend while still in the car and informed her of the assault and the terror that she was experiencing with Mr. McKinney at that moment.

14. Mr. McKinney proceeded to drive the vehicle towards Ashford Ave, Condado. Mr. McKinney stopped his car and pushed out Ms. Bragg from the car, close to the Enterprise Rent a Car location on Ashford Avenue.

15. Ms. Bragg reported the incident to the police minutes after the assault.

16. She received emergency medical treatment in Puerto Rico and follow up medical treatment when she returned to her place of domicile.

## IV.  LIABILITY OF THE DEFENDANT, 1536 and 1538 CIVIL CODE OF PUERTO RICO DAMAGES

17. Mr. McKinney assaulted Ms. Bragg and acted physically and emotionally abusively towards Ms. Bragg, without any valid justification or reason.  He was an abusive aggressor.

18. Under no circumstances should he have assaulted Ms. Bragg nor negligently driven her away from her place of abode against her will.

19. His intentional physical aggressiveness, gross negligence in his actions, lack of judgment and lack of composure towards Ms. Bragg by striking with force Ms. Bragg multiple times, caused Ms. Bragg to suffer physical damages and emotional trauma that still affects Ms. Bragg to this date.

20. To this date, Ms. Bragg complains of ringing in her ears as a result of the assault. She still remembers very vividly the fear that she felt and the bruises she received as a consequence of the unprovoked assault.  She still remembers that she was crying and feared for her life as a result of the erratic and unprovoked actions carried out by Mr. McKinney.

21. All her damages caused her to suffer by the illegal and/or grossly negligent acts perpetuated by Mr. McKinney to include the assault perpetuated on Ms. Bragg by Mr. McKinney, her pain, suffering, fear, humiliation, permanent physical damages to her hearing and mental anguish are reasonably estimated in a sum in excess of ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000).

22. Under the provisions of Article 1536 of the Civil Code of Puerto Rico, Mr. McKinney is responsible for all damages caused Ms. Bragg to suffer.

23. It is also requested, that if after jury trial, a jury determines that the damages caused on Ms. Bragg to suffer by Mr.

McKinney were intentional and/or grossly negligent, that the jury be instructed to consider awarding double damages under the provisions of Article 1538 of the Civil Code of Puerto Rico of 2020.

24. Economic damages.  The negligent of the defendant has and will cause Ms. Bragg to incur in economic expenses, to include evaluations, treatments and case expenses that are reasonable estimated in a sum in excess of TEN THOUSAND DOLLARS ($10,000) a sum of money that is also owed to Ms. Bragg by the defendant.

## V. JURY TRIAL

25. Plaintiff demands trial by jury as to all claims asserted herein.

**WHEREFORE,** the Plaintiff request the entry of judgment in her favor and against the defendant condemning Mr. McKinney to pay all the damages and amounts claimed herein as per the provisions of Articles 1536 and 1538 of the Civil Code of Puerto Rico of 2020, together with pre judgment interest, costs, and attorney's fees.

In San Juan, Puerto Rico this 18th day of April, 2024.

**RESPECTFULLY SUBMITTED.**

                               **Rivera-Aspinall, Garriga & Fernandini, PSC**
Attorneys for Plaintiff
1647 Adams St., Summit Hills
San Juan, Puerto Rico   00920
Tel. (787) 792-8644
Fax (787) 792-6475
E-Mail: aspinall@ragflaw.com

                               **S/Julián R. Rivera-Aspinall**
Julián R. Rivera-Aspinall, Esq.
USDC/PR 208506