IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TINA M. BRAGG<br>*Plaintiff*<br><br>vs.<br><br>ERICK MCKINNEY<br>*Defendant* | CIVIL NO. 24-cv-01181 (PAD) |

**MOTION REQUESTING STAY OF PROCEEDINGS**

TO THE HONORABLE COURT:

COMES NOW the above captioned defendant Mr. Erick Mckinney ("Mckinney") through the undersigned counsel and very respectfully PRAYS AND ALLEGES:

1. The complaint in the instant case was filed on April 18, 2024.

2. As per the allegations in the complaint, Plaintiff Mrs. Tina M. Bragg ("Ms. Bragg"), was in a sentimental relationship with defendant McKinney, for a short time and up to August 30, 2023, when allegedly Mr. McKinney assaulted Mrs. Bragg under certain circumstances alleged in the complaint. It is in light of this alleged facts that Plaintiff Mrs. Bragg is asking from defendant Mckinney a compensation for physical damages and emotional trauma in an amount of not less than one hundred and fifty thousand dollars ($150,000).

3. What the plaintiff doesn't explain to this Honorable Court is that the appearing defendant Mr. Mckinney is currently undergoing a criminal prosecution for this exact same events in case *Pueblo de Puerto Rico vs. Eric Mckinney,* Criminal No. K LE2023G0321 before the San Juan Court of First Instance, this for alleged violation of Article 3.1 of Law 54; "Law for the Prevention and Intervention with Domestic Violence". See attached **Exhibit A**.

4.      It goes without saying that the appearing defendant has to defend himself in the instant civil proceedings, however, to be able to do so the defendant would have to go into all the specifics pertaining to the August 30, 2023 events, a scenario in which the defendant will certainly have to waive and/or surrender his right to non-self-incrimination enshrined in the Fifth Amendment of the Federal Constitution which provides that: *"[n]o person…shall be compelled in any criminal case to be a witness against himself…."*. U.S.C.A. Const. Amend. V. This guarantee is extended to the states through the XIV amendment. Additionally, Art. II § 11 of the Constitution of Puerto Rico, establishes that *"[n]o one will be forced to incriminate himself through his own testimony and the silence of the accused will not may be taken into account or commented against".* Art. II, Sec. 11, Const. E.L.A.

5.      This situation triggers the legal figure of parallel litigation, which was recognized for the first time in our jurisdiction in *E.L.A. v. Casta,* 162 D.P.R. 1 (2004).  This represents the simultaneous litigation of a criminal proceeding with a civil or administrative action. For a better understanding of the term, let's see how it has been defined:

> *"simultaneous, adjudicative proceedings that (1) arise out of a single set of transactions, and (2) are directed against the same defendant or defendants."  M.D. Hunter, SEC/DOJ Parallel Proceedings: Contemplating the Propriety of Recent Judicial Trends, 68 (No. 1) Miss. L. Rev. 149 (2003).  Furthermore, it has been noted that these processes "may include investigations by any federal regulatory agency, civil injunctive or penalty actions, administrative disciplinary proceedings, cease and desist proceedings, private actions (including both class and derivative actions), proceedings by self-regulatory agencies." , various state proceedings, grand jury investigations, and/or criminal prosecutions."* Id.

*E.L.A. v. Casta,* supra, at P. 16 footnote #7.

6.      It is known that this doctrine took place in response to the constitutional problems that may arise from the existence of parallel processes, since the defendant in the civil sphere will find itself in the dilemma of having to choose between presenting all its defenses and claims, or limiting the State's

access to information that could self-incriminate you.  In the same way, in the event that the defendant decides to remain silent in the civil suit, he is exposed to a ruling being issued against him, since nothing prevents adverse inferences from being derived from his invocation of the privilege against self-incrimination. *Álamo Romero v. Adm. of Correction,* 175 D.P.R. 314, 325 (2009). Likewise, this contemporary prosecution could undermine the adversarial nature of the criminal process, since in this way the State would obtain evidence that was submitted by the accused in the civil or administrative action against him.  E.L.A. v. Casta, supra, at p. 18.

7.      Now, it must be clear that the fact that the State initiates parallel proceedings against the same person is not in itself considered an inherently unconstitutional action.  This is because the public interest may require simultaneous procedures by the Government, without it being feasible to require it to choose between a civil or criminal course of action.  *E.L.A. v. Casta,* supra.  **However, these parallel processes will be classified as improper or unconstitutional when the presence of "special circumstances" is demonstrated that suggests the existence of undue prejudice, bad faith, malicious government tactics or interference with constitutional rights.**  Id.

8.      It should be noted that, if this scenario arises, the defendant allegedly harmed by the parallel litigation is not deprived of any remedy, since the courts have broad discretion to take measures aimed at protecting the integrity of the lawsuits, the constitutional rights of the party and avoid, therefore, the adverse consequences that this could entail.  **As is known, among the mechanisms to be used are the stay of the civil action, postponing the discovery of evidence or imposing protective orders and conditions.**  *Álamo Romero v. Adm. of Correction,* supra, at page. 325-326; *E.L.A. v. Casta,* supra, at p. 18-19.

9.      Regarding the stay of the civil action, the Puerto Rico Supreme Court has indicated that the state courts have developed a series of criteria to be assessed in order to determine whether said measure is appropriate or not; namely: *"(1) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; (5) the public interest."* *E.L.A. v. Casta,* supra, at P. 19 Footnote #9.

10.     In the instant case there is no controversy as to the fact that there is a parallel litigation issue inasmuch as the instant case has been filed against the appearing defendant in light of the same events that have triggered the filing of a criminal indictment against the defendant at the state level. Therefore, in strict application of the aforementioned criteria we respectfully submit, to wit, that (i) in a balance of interests analysis, the mere pecuniary/economic interest of the plaintiff in prosecuting the instant civil case has to give in/surrender vis a vis the prejudice against the defendant that waving his constitutional right no to self incriminatewould entail; (ii) a parallel litigation in this scenario would certainly provoke an inmense burden on the appearing defendant; (iii) the parallel existence of both cases won't be convenient to this Honorable Court due to the constant problem that this situation will entail.

11.     Moreover, we respectfully submit that it would be unthinkable under the current circumstances, where the appearing defendant is undergoing a criminal prosecution for this same events, that he would -for example- have to answer a set of interrogatories or worst, go through a deposition where the plaintiff's counsel would post several questions specifically directed at the same events for which he is being accused. What would happen if the transcription of said deposition is tendered to the

state prosecutor? What would happen if the prosecutor has access as well to any and/or all discovery tendered to the plaintiff by defendant? Again, this is an unthinkable and more than unreasonable scenario that cannot be allowed in light of the defendant's constitutional right against self incrimination.

12.    In sum, in the balance of interest we respectfully submit that the instant case needs to be stayed until the completion of the criminal proceedings against the defendant due to the harmful prejudice that it would represent for the defendant to have to defend himself in the instant civil proceedings inasmuch as to be able to do that he would have at the same time to surrender his constitutional right against self incrmination protected by both the Fifth Ammendment of the United States Constitution and Article II § 11 of the Constitution of Puerto Rico.

**WHEREFORE,** the appearing defendants respectfully requests that this Honorable Court GRANTS the instant motion, therefore, staying the proceedings in the instant case until the completion of the parallel related state criminal proceedings against him.

**I HEREBY CERTIFY:** That I on this same date electronically filed the foregoing document with the Clerk of Court for the District of Puerto Rico, through the CM/ECF electronic filing system, which will provide notification of this filing to the United States Attorneys Office for the District of Puerto Rico.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 15th day of October, 2024.

*S/Ovidio E. Zayas Pérez*
**OVIDIO E. ZAYAS PEREZ**
*USDC-PR 218010*
*PMB 387*
*P.O. BOX 194000*

*SAN JUAN, P.R. 00919-4000*
*PHONE: (787) 754-6715*
*ovidiozayasperez@hotmail.com*